No. 24-12809-G

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

UNITED STATES OF AMERICA *ex rel.* RAMNARINE BOODOO, M.D.
*Plaintiff-Appellant,*

v.

LIFEPOINT HEALTH, INC., *et al.*,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Alabama
Case No. 2:21-cv-00569-ACA

# BRIEF OF APPELLEE RCHP-FLORENCE, LLC

Matthew M. Curley
David R. Esquivel
John C. Eason
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: (615)742-6200

*Attorneys for Appellee*
*RCHP-Florence, LLC*

**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the undersigned attorneys of record for Defendant-Appellee RCHP-Florence, LLC d/b/a Shoals Hospital ("Shoals"), certify that, to the best of their knowledge, the following persons, firms, partnerships, corporations or parties may have an interest in the outcome of this appeal:

1. Alabama Psychiatry, LLC (Defendant-Appellee)
2. Axon, Honorable Annemarie Carney (United States District Judge)
3. Barger, James F., Jr. (Attorney for Plaintiff-Appellant)
4. Barrasso, Usdin, Kupperman, Freeman and Sarver, LLC (Law Firm of Attorneys for Plaintiff-Appellant)
5. Bass, Berry & Sims PLC (Law Firm of Attorneys for Defendant-Appellee Shoals)
6. Boodoo, Ramnarine (Plaintiff-Appellant)
7. Bucy, Benjamin Patterson (Attorney for Plaintiff-Appellant)
8. Chetta, Chloe Marie (Attorney for Plaintiff-Appellant)
9. Curley, Matthew M. (Attorney for Defendant-Appellee Shoals)
10. Eason, John C. (Attorney for Defendant-Appellee Shoals)
11. Escalona, Prim F. (Attorney for the United States of America)
12. Esquivel, David R. (Attorney for Defendant-Appellee Shoals)
13. Frohsin & Barger LLC (Law Firm of Attorneys for Plaintiff-Appellant)

14. Grizzle, Anna M. (Attorney for Defendant-Appellee Shoals)

15. Guidry, Kansas (Attorney for Plaintiff-Appellant)

16. Jamie A. Johnston, PC (Law Firm of Attorney for Defendants-Appellees Alabama Psychiatry, LLC, River Region Psychiatry Associates LLC, and Shankar B. Yalamanchili)

17. Johnson, Stephanie F. (Attorney for Defendant-Appellee Prime Healthcare Services-Gadsden LLC)

18. Johnston, Jamie A. (Attorney for Defendants-Appellees Alabama Psychiatry, LLC, River Region Psychiatry Associates LLC, and Shankar B. Yalamanchili)

19. Jones Walker LLP (Law Firm of Attorney for Defendant-Appellee Prime Healthcare Services-Gadsden LLC)

20. King & Spalding LLP (Law Firm of Attorneys for Defendant-Appellee Prime Healthcare Services-Gadsden LLC)

21. Lee, Brandy M. (Attorney for Plaintiff-Appellant)

22. Lee Law Firm, LLC (Law Firm of Attorney for Plaintiff-Appellant)

23. Long, Don B., III (Attorney for the United States of America)

24. Martin, Daniel J. (Attorney for Defendant-Appellee Prime Healthcare Services-Gadsden LLC)

25. Paulhus, Michael E. (Attorney for Defendant-Appellee Prime Healthcare Services-Gadsden LLC)

26. Parrish, Ashley C. (Attorney for Defendant-Appellee Prime Healthcare Services-Gadsden LLC)

27. Prime Healthcare Services-Gadsden LLC d/b/a Riverview Regional Medical Center (Defendant-Appellee)

28. RCHP-Florence, LLC (Defendant-Appellee)

29. Richardson, Clinton (Former Attorney for the United States of America)

30. River Region Psychiatry Associates, LLC (Defendant-Appellee)

31. Steeg, Aaron M. (Attorney for Plaintiff-Appellant Relator)

32. United States of America

33. Walthall, J. Elliot (Attorney for Plaintiff-Appellant Relator)

34. Yalamanchili, Shankar B. (Defendant-Appellee)

The undersigned counsel of record for Shoals further certify that there are no publicly traded corporations that own 10% or more of Shoals, and that Shoals is not otherwise aware of any publicly-traded corporation having an interest in the outcome of this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Shoals submits that oral argument is unnecessary because: (1) this Court can affirm through a straightforward application of settled Eleventh Circuit law; and (2) the briefs adequately present the legal arguments such that the decisional process would not be aided significantly by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .......... ii

STATEMENT REGARDING ORAL ARGUMENT .......... v

TABLE OF CITATIONS .......... vii

JURISDICTIONAL STATEMENT .......... 1

STATEMENT OF THE ISSUE .......... 2

STATEMENT OF THE CASE .......... 3

I. Allegations in the FAC .......... 4

A. The Parties .......... 4

B. The FAC's Allegations against Shoals .......... 5

II. Procedural History and Disposition Below .......... 6

A. The District Court's Dismissal of Qui Tam Claims with Prejudice .......... 7

B. The Disposition of Retaliation Claims and Notice of Appeal .......... 8

STANDARD OF REVIEW .......... 9

SUMMARY OF THE ARGUMENT .......... 10

ARGUMENT .......... 10

CONCLUSION .......... 13

CERTIFICATE OF COMPLIANCE .......... 14

CERTIFICATE OF SERVICE .......... 15

## TABLE OF CITATIONS

**Cases** **Page(s)**

*Fed. Sav. & Loan Ins. Corp. v. Haralson*,
813 F.2d 370 (11th Cir. 1987) ....................11, 12

*Jamison v. United States Marshals Serv.*,
2024 WL 4524681 (11th Cir. Oct. 18, 2024) ....................11, 12

*McCone v. Exela Techs., Inc.*,
2024 WL 2053701 (11th Cir. May 8, 2024)....................11, 12

*Norelus v. Denny's, Inc.*,
628 F.3d 1270 (11th Cir. 2010) ....................9, 11

*Sapuppo v. Allstate Floridian Ins. Co.*,
739 F.3d 678 (11th Cir. 2014) ....................12

*United States v. Ardley*,
242 F.3d 989 (11th Cir. 2001) ....................10

*United States v. Ford*,
270 F.3d 1346 (11th Cir. 2001) ....................9

*Waldman v. Conway*,
871 F.3d 1283 (11th Cir. 2017) ....................10

*Young v. Grand Canyon Univ., Inc.*,
57 F.4th 861 (11th Cir. 2023) ....................9, 11, 12

**Statutes**

31 U.S.C. § 3730(b) ....................6

## **JURISDICTIONAL STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 28(i) and 11th Cir. R. 28(f), Shoals adopts the Jurisdictional Statement set forth in the brief of Appellee Prime-Healthcare Services – Gadsden LLC.

## STATEMENT OF THE ISSUE

Whether the district court's dismissal with prejudice of the claims asserted in the First Amended Complaint against Shoals should be affirmed because Relator-Appellant Boodoo has abandoned any and all arguments challenging the district court's order of dismissal of those claims as to Shoals.

## **STATEMENT OF THE CASE**

This declined False Claims Act ("FCA") *qui tam* action was initially filed by two relators, Plaintiff-Appellant Relator Boodoo and former Relator Dr. Andrew Wilkerson, and concerns psychiatric services provided at two different hospitals in different parts of Alabama, Shoals and Riverview Regional Medical Center ("Riverview"), through third-party contractual arrangements. The allegations against Shoals stem from the alleged personal knowledge of Wilkerson, a former contracted medical director at the Shoals geriatric psychiatric inpatient unit—who is no longer a party to this lawsuit and is *not* a party to this appeal. In contrast, the allegations against Riverview stem from the alleged personal knowledge of Boodoo, who provided psychiatry services at the hospital through Alabama Psychiatry.

Boodoo, who never worked at Shoals or had any relationship with Shoals whatsoever, filed a notice of appeal with respect to the district court's order dismissing the FCA claims against Shoals with prejudice. In his Appellant's Brief, however, Boodoo fails to include any argument relating to Shoals and affirmatively states that "Dr. Wilkerson's … claims concerning Shoals Hospital are not discussed" in Boodoo's appellate brief. (No. 24-12809, Dkt. 46 at 10 n.3.) Under well-established Eleventh Circuit precedent, Boodoo has abandoned any argument challenging the district court's order, and as a result, this Court should affirm the district court's order dismissing Boodoo's FCA claims with prejudice.

# I. Allegations in the FAC

## A. The Parties

***RCHP-Florence, LLC d/b/a Shoals Hospital.*** Shoals is an acute care hospital in Muscle Shoals, Alabama, and provides inpatient acute geriatric psychiatric care through its 30-bed Senior Care Center. (Dkt. 40 (First Am. Compl. ("FAC") ¶ 13).)[1]

***Dr. Yalamanchili, River Region Psychiatry Associates, LLC & Alabama Psychiatry, LLC.*** To provide psychiatric coverage for its patients, Shoals contracted with Dr. Yalamanchili, River Region Psychiatry Associates and/or Alabama Psychiatry, which are owned by Dr. Yalamanchili, to serve as Medical Director of the Senior Care Center in 2020. (*Id.* ¶¶ 10-12, 121.) Dr. Yalamanchili is the physician-owner of River Region Psychiatry Associates and Alabama Psychiatry. (*Id.* ¶¶ 10-12.)

***Prime Health Care Services-Gadsden, LLC d/b/a Riverview Regional Medical Center ("Riverview").*** Riverview is a hospital in Gadsden, Alabama, where it provides inpatient geriatric psychiatric care. (*Id.* ¶ 14.)

***Relator-Appellant Boodoo.*** Boodoo is a psychiatrist who was employed by Alabama Psychiatry between June 2018 and December 2019. (*Id.* ¶ 15.) During his

[1] The appeal has been miscaptioned as *Boodoo v. Lifepoint Health Inc., et al.* Lifepoint Health, Inc., is not and has never been a party to this appeal.

employment with Alabama Psychiatry, Boodoo provided inpatient psychiatry services at Riverview until his termination. (*Id.*)

***Former Plaintiff-Relator Wilkerson.*** Wilkerson is a licensed psychiatrist who has been employed by Serenus Senior Care Advisors, PLLC ("Serenus") since 2017. (*Id.* ¶ 77.) In November 2017, Serenus entered into a Professional Services Agreement ("PSA") with Shoals to provide psychiatry services to the Shoals Senior Care Center. (*Id.* ¶ 78.) Under the PSA, Wilkerson served as the contracted Medical Director of the Center until May 2020. (*Id.* ¶¶ 20, 78-79.) Wilkerson is not a party to this appeal.

**B. The FAC's Allegations against Shoals**

Relying on Wilkerson's purported "knowledge," the FAC alleged that Shoals violated the FCA by entering into an agreement with a third-party to provide a contracted medical director for its 30-bed inpatient geriatric psychiatric unit as part of a kickback scheme and by unnecessarily admitting and failing to properly treat patients in that unit. (*See id.* ¶¶ 22-24, 77-139, 212-16, 237-41, 247-51, 257-58, 261-64.) Relying on Boodoo's purported "knowledge," other sections of the FAC alleged that Riverview, River Region, and Alabama Psychiatry violated the FCA by engaging in an entirely separate kickback scheme by paying a medical director to unnecessarily admit and retain psychiatric patients and to up-code professional fee services billed to Medicare. (*See id.* ¶¶ 17-18, 140-211, 217-68.) The FAC also

included two retaliation claims under the FCA: Wilkerson's retaliation claim against Shoals and Boodoo's retaliation claim against Alabama Psychiatry, River Region, and Dr. Yalamanchili. (*Id.* at ¶¶ 269-76.) The FAC does not allege that Boodoo had any personal knowledge of any of the allegations against Shoals.

## II. Procedural History and Disposition Below

Boodoo and Wilkerson filed a *qui tam* complaint in the United States District Court for the Northern District of Alabama against Shoals, Riverview, River Region Psychiatry Associates, Alabama Psychiatry, Dr. Yalamanchili, and other defendants more than four years ago. (*See* No. 2:21-cv-00569-ACA (N.D. Ala.), Dkt. 1.) Their complaint alleged *qui tam* and retaliation claims under the FCA. Under the FCA, the United States had an opportunity to investigate their allegations. *See* 31 U.S.C. § 3730(b).[2] After five months, the United States declined to intervene. (Dkt. 5.) Despite declination, the Relators proceeded with their FCA claims. In February 2022, Shoals moved to dismiss Relators' Complaint under Rules 9(b) and 12(b)(6).

[2] Boodoo previously filed a *qui tam* action in December 2019, which alleged that Dr. Yalamanchili, Prime Healthcare, and Riverview violated the FCA as a result of improper inpatient psychiatric admissions. (*See U.S. ex rel. Boodoo v. Prime Healthcare Servs., Inc.*, No. 19-cv-1952-RDP (N.D. Ala.), Dkt. 2). There, as here, the government declined to intervene. (*See id.*, Dkt. 9.) In December 2020, in response to the defendants' motion to dismiss, Boodoo voluntarily dismissed his claims. (*See id.*, Dkt. 31.) Four months later, Boodoo teamed up with Wilkerson (represented by the same counsel) and filed this *qui tam* action.

(Dkt. 22.) In response, Relators filed their FAC (Dkt. 40), which dropped two defendants and mooted Defendants' motions to dismiss.

### A. The District Court's Dismissal of *Qui Tam* Claims with Prejudice

On March 30, 2023, the district court granted the Defendants' renewed motions to dismiss Relators' *qui tam* claims with prejudice for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a). (Dkt. 69-70.) As to Shoals, the district court dismissed Counts One and Five(a)—the FAC's presentment and kickback scheme claims—because the FAC contained "no specific facts showing how Dr. Wilkerson arrived at the 'false claim amount billed' for each" of the three example patients, particularly given the lack of Wilkerson's knowledge regarding Shoals's billing procedures, any employment relationship between Wilkerson and Shoals, or any allegations regarding the dates the claims were presented for payment, who made the presentment, and how it was presented. (Dkt. 69 at 18-19, 23-26.) The district court further held that allegations regarding year-end billing data were insufficient under Federal Rule of Civil Procedure 9(b), as they were devoid of specific facts plausibly showing the actual submission of a false claim to a federal healthcare program. (*Id.* at 20-21.) The district court held that Wilkerson could not establish "any indicia of reliability" because he failed to allege personal knowledge of Shoals's submission of false claims or billing practices. (*Id.* at 21-22.) As for Boodoo, the district court noted that Boodoo would have

knowledge of neither the services that Dr. Yalamanchili provided to Shoals nor of any other defendant's billing practices. (*Id.* at 22-23.)

Next, the district court dismissed Counts Six, Eight, and Ten—the "make or use," reverse false claim, and conspiracy claims—against Shoals because the FAC failed to allege plausibly or with particularity the presentment or existence of any actual false claim. (*Id.* at 26-31.) The district court further held that the FAC failed to plead with particularity the details of any conspiracy. (*Id.* at 30-31.) The district court also dismissed the FAC as a shotgun pleading, in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). (*Id.* at 7-11.) Because Boodoo had three opportunities to state sufficient claims following "multiple motions to dismiss" that provided notice of the pleading deficiencies, the district court dismissed the FAC with prejudice. (*Id.* at 10-11, 41-42.)

### B. The Disposition of Retaliation Claims and Notice of Appeal

In the same March 30, 2023 Order, the district court denied Shoals's motion to dismiss Wilkerson's retaliation claim and separately denied Alabama Psychiatry's motion to dismiss Boodoo's retaliation claim. (Dkt. 69-70.) The district court severed Wilkerson's retaliation claim from Boodoo's retaliation claim. (Dkt. 76.)

On August 25, 2023, Wilkerson filed a Stipulation of Dismissal with Prejudice, voluntarily dismissing the action pursuant to Rule 41(a)(1)(A)(ii). (Dkt. 84.) Accordingly, with nothing left to decide and with no more claims pending, the

district court terminated the litigation by closing the case with a minute entry. Neither Wilkerson nor Boodoo filed a notice of appeal at that time.

On August 29, 2024, the district court *sua sponte* vacated the August 25, 2023, minute entry closing Case No. 2:21-cv-00569, explaining that Wilkerson and Shoals's "stipulation of dismissal was not self-executing," and citing *City of Jacksonville v. Jacksonville Hosp. Holdings, LP*, 82 F.4th 1031, 1038 (11th Cir. 2023), an opinion the Eleventh Circuit issued after Wilkerson's stipulation of dismissal. (No. 2:21-cv-00569-ACA (N.D. Ala.), Dkt. 85 at 3.) The district court construed the "stipulation of dismissal as a motion to dismiss Wilkerson's only remaining claim under Rule 41(a)(2)" and dismissed Wilkerson's action against Shoals. (*Id.* at 4.) Boodoo filed a notice of appeal on August 30, 2024. (Dkt. 86-88.)

## STANDARD OF REVIEW

"A party who fails to squarely raise a claim in its brief . . . abandons that claim." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 878 (11th Cir. 2023); *see also United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) ("[O]ur well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned."). "If an argument is not fully briefed (let alone not presented at all)" to the Court of Appeals, the Court may not evaluate that argument on its merits. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1297 (11th Cir. 2010) (citation

omitted). The Court "may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

## SUMMARY OF THE ARGUMENT

The Court should affirm the district court's order dismissing with prejudice the FAC's *qui tam* claims against Shoals because Boodoo abandoned his claims against Shoals by failing to include any argument against Shoals in his Appellant's Brief.

## ARGUMENT

If the Court were to determine that it has jurisdiction over this appeal, it should affirm the district court's order granting Shoals's motion to dismiss the *qui tam* claims because Boodoo has abandoned any challenge to that order on appeal. Despite filing a notice of appeal in this action concerning his FCA claims against Shoals and the other appellees, Boodoo's Appellant's Brief does not address any issues with the district court's order dismissing his FCA claims with prejudice as to Shoals. To the contrary, Boodoo affirmatively represents that he is not discussing claims asserted in the lawsuit against Shoals as part of his appeal. As a result, Boodoo has abandoned the FAC's *qui tam* claims against Shoals.

This Circuit abides by a "well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned." *United States v. Ardley*, 242 F.3d

989, 990 (11th Cir. 2001). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *Jamison v. United States Marshals Serv.*, 2024 WL 4524681, at *2 (11th Cir. Oct. 18, 2024) (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)). "A party who fails to squarely raise a claim in its brief therefore abandons that claim"; indeed, the Eleventh Circuit requires that "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate." *Young*, 57 F.4th at 878 (citation omitted) (affirming district court's holding as to claim abandoned on appeal). An appellant can abandon a claim on appeal by "making only passing reference to it," "raising it in a perfunctory manner without supporting arguments and authority," or referencing the issue as "mere background to the appellant's main arguments." *McCone v. Exela Techs., Inc.*, 2024 WL 2053701, at *1 (11th Cir. May 8, 2024).

Evaluating an argument that has not been "fully briefed (let alone not presented at all) to the Circuit Court . . . would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it" in a manner that "would undermine the very adversarial nature of our appellate system." *Norelus*, 628 F.3d at 1297 (citation omitted). Nevertheless, a Court of Appeals must affirm a district court's order with respect to claims abandoned by an appellant. *See, e.g.*, *Young*, 57 F.4th at 878; *Fed.*

*Sav. & Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 (11th Cir. 1987) (affirming summary judgment with regard to abandoned claims where appellant filed a general notice of appeal but only briefed and argued certain claims against appellee in its capacity as trustee rather than in its corporate capacity).[3]

Boodoo disclaims any right to pursue this appeal as to Shoals. The Appellant's Brief mentions Shoals only twice—in a single footnote:

> Dr. Boodoo was joined in his lawsuit by Dr. Andrew Wilkerson. Dr. Wilkerson, who is also a licensed psychiatrist, was contracted to provide inpatient psychiatric services at Shoals Hospital in Muscle Shoals, Alabama. Dr. Wilkerson is not a party to this appeal, and ***therefore his claims concerning Shoals Hospital are not discussed herein***.

(No. 24-12809, Dkt. 46 at 10 n.3 (emphasis supplied).) This perfunctory reference to Shoals amounts to an abandonment of Boodoo's appeal as to Shoals. *See Jamison*, 2024 WL 4524681, at *2; *McCone*, 2024 WL 2053701, at *1. Therefore, the Court should affirm the district court's order granting Shoals's motion to dismiss and dismissing with prejudice the FAC's *qui tam* claims against Shoals. *See Young*, 57 F.4th at 878; *Haralson*, 813 F.2d at 373.

[3] *Cf. Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

# **CONCLUSION**

For the reasons above, the Court should affirm the district court's dismissal of Boodoo's FAC with respect to Shoals with prejudice.

Dated this 9th day of June 2025.

Respectfully submitted:

BASS, BERRY & SIMS PLC

/s/ Matthew M. Curley
Matthew M. Curley
David R. Esquivel
John C. Eason
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: (615) 742-6200
mcurley@bassberry.com
desquivel@bassberry.com
jeason@bassberry.com

*Attorneys for Appellee*
*RCHP-Florence, LLC*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,447 words, excluding the parts of the brief excluded by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4. In certifying the number of words in the brief, I have relied on the word count of the word-processing system used to prepare the brief.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated this 9th day of June 2025.

/s/ Matthew M. Curley
Matthew M. Curley

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025, the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filing to all counsel of record. Under 11th Cir. Rule 25-3, no independent service by other means is required.

/s/ Matthew M. Curley
Matthew M. Curley